**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 2 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES OF AMERICA

v.

JOHN ANDERSON            (1)
TIMMOTHY WILSON          (2)
BRANDI SIMMONS           (3)
JORDAN "SKIP" MOSES      (4)
TANEI SCRUGGS            (5)

No.

**3-20CR0403-B**

## INDICTMENT

The Grand Jury Charges:

### Count One
Conspiracy to Commit Bank Fraud and Wire Fraud
(Violation of 18 U.S.C. § 1349 (18 U.S.C. §§ 1344(2), 1343))

At all times relevant to this Indictment:

### The Conspiracy and its Objects

1.     Beginning at least on or about January 2016 – the exact date being

unknown – and continuing thereafter until on or about September 20, 2019, in the Dallas

Division of the Northern District of Texas and elsewhere, defendants, **John**

**ANDERSON**, **Timmothy WILSON**, **Brandi SIMMONS**, **Jordan "Skip" MOSES**,

and **Tanei SCRUGGS** did knowingly, intentionally, and willfully combine, conspire,

confederate, and agree with each other and with other persons known and unknown to the

Grand Jury, to commit bank fraud, that is:

Indictment--Page 1

a. To knowingly and willfully execute, and attempt to execute, a scheme and artifice to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody or control of, a financial institution, namely, Synchrony Bank; BBVA USA ("BBVA"), and the Credit Union of Texas, by means of false or fraudulent pretenses, representations and promises, in violation of 18 U.S.C. § 1344(2); and

b. Having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, to transmit and caused to be transmitted in interstate commerce, wire communications, including writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of 18 U.S.C. § 1343.

2. It was the object of the conspiracy for defendants **ANDERSON**, **WILSON**, **SIMMONS**, **MOSES**, and **SCRUGGS** to unlawfully enrich themselves by: (a) fraudulently using the personal identifying information ("PII") of victims to apply for and obtain credit cards or lines of credit from financial institutions and stores for the purpose of executing a scheme and artifice to obtain money or other property owned by, and in the custody or control of, a financial institution or store by making false representations and promises; (b) intending to deceive financial institutions and stores by making false representations on credit applications; and (c) diverting the fraudulently obtained proceeds or property for their personal use and benefit.

Indictment--Page 2

### Manner and Means of the Conspiracy

3.       It was a part of the conspiracy to defraud that **ANDERSON**, **WILSON**, **SIMMONS**, **MOSES**, and **SCRUGGS** and other co-conspirators would obtain the PII of victims through a process called "data mining" on both public websites and the Dark Web.

4.       After obtaining and verifying a victim's PII, **ANDERSON**, **WILSON**, **SIMMONS**, **MOSES**, and **SCRUGGS** and other co-conspirators would assess a victim's credit worthiness and identify stores or banks at which to apply for credit cards, lines of credit, or loans using the victim's PII.

5.       It was further a part of the conspiracy to defraud that **ANDERSON**, **WILSON**, **SIMMONS**, **MOSES**, and **SCRUGGS** and other co-conspirators would create a "file," which essentially operated as a cheat sheet containing a victim's PII (i.e., phone number, date of birth, social security number, address, and other identifiers). **ANDERSON**, **WILSON**, **SIMMONS**, **MOSES**, and **SCRUGGS** and other co-conspirators would then use the "files" to create "tools" (i.e., fraudulent identification cards).

6.       It was further a part of the conspiracy to defraud for **ANDERSON**, **WILSON**, **SIMMONS**, **MOSES**, and **SCRUGGS** and other co-conspirators to develop age appropriate profiles for "runners," who would actually go into stores to apply for credit cards or lines of credit using the fraudulent identifications cards (or "tools"). As part of the fraud scheme, **ANDERSON**, **WILSON**, **SIMMONS**, **MOSES**, and

**SCRUGGS** and other co-conspirators would use, or cause to be used, the "files" and "tools" to go into stores to fraudulently apply for credit cards or lines of credit, which would then be used to purchase gift cards and other items.

7.    Once the runners fraudulently purchased items from stores, certain goods (usually electronics), gift cards or cash cards would be given to **ANDERSON**, who would then deliver or sell the goods, gift cards, or cash cards to other co-conspirators.

8.    Synchrony Bank, BBVA USA, and the Credit Union of Texas, relied on false representations made on credit applications by **ANDERSON**, **WILSON**, **SIMMONS**, **MOSES**, and **SCRUGGS** and other co-conspirators and issued credit cards, lines of credit, or loans which the defendants then used to purchase items.   To date and as a result of this fraud scheme, Synchrony Bank has sustained combined actual losses exceeding $1,300,000.00 as a result of this fraud scheme.   BBVA has sustained actual losses in the amount of $25,000.00.   The Credit Union of Texas has sustained actual losses in the amount of $10,000.00.

The manner and means of the conspiracy further involved the following acts:

9.    On or about January 6, 2016, **ANDERSON** and other co-conspirators went to a Sam's Club store in Austin, Texas, and fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit.   As a result of the false and fraudulent pretenses, representations and promises made to Synchrony Bank by **ANDERSON** and other co-conspirators, Synchrony Bank issued a line of credit in the amount of $3,500.00 in the name of victim R.A.—an individual known to the grand jury.

10. On or about January 6, 2016, **ANDERSON** and other co-conspirators went to a Sam's Club store in Round Rock, Texas, and fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit. As a result of the false and fraudulent pretenses, representations and promises made to Synchrony Bank by **ANDERSON** and other co-conspirators, Synchrony Bank issued a line of credit in the amount of $3,500.00 in the name of victim C.D.—an individual known to the grand jury.

11. On or about January 9, 2016, **ANDERSON** and other co-conspirators went to a Sam's Club store in Austin, Texas, and fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit. As a result of the false and fraudulent pretenses, representations and promises made to Synchrony Bank by **ANDERSON** and other co-conspirators, Synchrony Bank issued a line of credit in the amount of $6,300.00 in the name of victim J.D.—an individual known to the grand jury.

12. On or about January 19, 2016, **ANDERSON** and other co-conspirators went to a Sam's Club store in Austin, Texas, and fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit. As a result of the false and fraudulent pretenses, representations and promises made to Synchrony Bank by **ANDERSON** and other co-conspirators, Synchrony Bank issued a line of credit in the amount of $7,000.00 in the name of victim R.H.—an individual known to the grand jury.

13. On or about January 19, 2016, **ANDERSON** and other co-conspirators went to a Sam's Club store in San Antonio, Texas, and fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit. As a result of the false and fraudulent

Indictment--Page 5

pretenses, representations and promises made to Synchrony Bank by **ANDERSON** and other co-conspirators, Synchrony Bank issued a line of credit in the amount of $12,000.00 in the name of victim P.B.—an individual known to the grand jury.

14.     On or about January 26, 2016, **ANDERSON**, **SIMMONS**, and other co-conspirators went to a Sam's Club store in Dallas, Texas, and fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit.   As a result of the false and fraudulent pretenses, representations and promises made to Synchrony Bank by **ANDERSON**, **SIMMONS**, and other co-conspirators, Synchrony Bank issued a line of credit in the amount of $9,000.00 in the name of victim K.L.—an individual known to the grand jury.

15.     On or about February 6, 2016, **ANDERSON**, **SIMMONS**, and other co-conspirators went to a Sam's Club store in Dallas, Texas, and fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit.   As a result of the false and fraudulent pretenses, representations and promises made to Synchrony Bank by **ANDERSON**, **SIMMONS**, and other co-conspirators, Synchrony Bank issued a line of credit in the amount of $5,000.00 in the name of victim S.B.—an individual known to the grand jury.

16.     On or about April 23, 2016, **ANDERSON**, **SCRUGGS**, and other co-conspirators went to a Sam's Club store in Westworth Village, Texas, and fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit.   As a result of the false and fraudulent pretenses, representations and promises made to Synchrony Bank by

ANDERSON, SCRUGGS, and other co-conspirators, Synchrony Bank issued a line of credit in the amount of $9,000.00 in the name of victim I.P.—an individual known to the grand jury.

17.     On or about April 28, 2016, ANDERSON, SCRUGGS, and other co-conspirators went to a Sam's Club store in Temple, Texas, and fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit.   As a result of the false and fraudulent pretenses, representations and promises made to Synchrony Bank by ANDERSON, SCRUGGS, and other co-conspirators, Synchrony Bank issued a line of credit in the amount of $3,500.00 in the name of victim K.P.—an individual known to the grand jury.

18.     On or about June 16, 2016, ANDERSON, SIMMONS, and other co-conspirators went to a Sam's Club store in Irving, Texas, and fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit.   As a result of the false and fraudulent pretenses, representations and promises made to Synchrony Bank by ANDERSON, SIMMONS, and other co-conspirators, Synchrony Bank issued a line of credit in the amount of $4,500.00 in the name of victim A.A.—an individual known to the grand jury.

19.     On or about September 25, 2016, ANDERSON, SCRUGGS, and other co-conspirators went to a Sam's Club store in San Antonio, Texas, and fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit.   As a result of the false and fraudulent pretenses, representations and promises made to Synchrony Bank by

ANDERSON, SCRUGGS, and other co-conspirators, Synchrony Bank issued a line of credit in the amount of $10,000.00 in the name of victim B.V.—an individual known to the grand jury.

20.     On or about October 9, 2016, ANDERSON, SCRUGGS, and other co-conspirators went to a Sam's Club store in Dallas, Texas, and fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit.   As a result of the false and fraudulent pretenses, representations and promises made to Synchrony Bank by ANDERSON, SCRUGGS, and other co-conspirators, Synchrony Bank issued a line of credit in the amount of $12,000.00 in the name of victim L.Z.—an individual known to the grand jury.

21.     On or about September 5, 2019, ANDERSON, WILSON, and MOSES and other co-conspirators went to a BBVA-Compass Bank in Richardson, Texas, and fraudulently applied to BBVA-Compass Bank to receive a loan.   As a result of the false and fraudulent pretenses, representations and promises made to BBVA-Compass Bank by ANDERSON, WILSON, and other co-conspirators, BBVA-Compass Bank issued a consumer loan in the amount of $25,000.00 in the name of victim B.E.—an individual known to the grand jury.

22.     On or about September 17, 2019, ANDERSON, WILSON, and MOSES and other co-conspirators went to the Credit Union of Texas in Plano, Texas, and fraudulently applied to the Credit Union of Texas to receive a loan.   As a result of the false and fraudulent pretenses, representations and promises made to the Credit Union of

Indictment--Page 8

false and fraudulent pretenses, representations and promises made to the Credit Union of

Texas by **ANDERSON**, **WILSON**, and **MOSES** and other co-conspirators, the Credit Union of Texas issued a consumer loan in the amount of $10,000.00 in the name of victim J.A.—an individual known to the grand jury.

23.     On or about January 6, 2016, defendant **ANDERSON** used a fraudulently obtained credit card (card ending -7872) in victim R.A.'s name at multiple Sam's Club stores in Austin, Texas, to purchase $2,314.08 in gift cards.

24.     On or about January 6, 2016, defendant **ANDERSON** used a fraudulently obtained credit card (card ending -8805) in victim C.D.'s name at a Sam's Club store in Round Rock, Texas, to purchase $1,731.58 in gift cards.

25.     On or about January 7, 2016, defendant **ANDERSON** used a fraudulently obtained credit card (card ending -8805) in victim C.D.'s name at a Sam's Club store in Dallas, Texas, to purchase $412.96 in gift cards.

26.     On or about January 9, 2016, defendant **ANDERSON** used a fraudulently obtained credit card (card ending -0511) in victim J.D.'s name at a Sam's Club store in Austin, Texas, to purchase $2,271.28 in gift cards.

27.     18.     On or about January 10, 2016, defendant **ANDERSON** used a fraudulently obtained credit card (card ending -0511) in victim J.D.'s name at a Sam's Club store in Austin, Texas, to purchase $316.14 in gift cards.

28.     On or about January 19, 2016, defendant **ANDERSON** used a fraudulently obtained credit card (card ending -4097) in victim R.H.'s name at multiple Sam's Club stores in San Marcos, Texas, to purchase $2,376.66 in gift cards.

Indictment--Page 9

29.     On or about January 19, 2016, defendant **ANDERSON** used a fraudulently obtained credit card (card ending -3542) in victim P.B.'s name at a Sam's Club store in San Marcos, Texas, to purchase $206.48 in gift cards.

30.     On or about January 19, 2016, defendant **ANDERSON** used a fraudulently obtained credit card (card ending -3542) in victim P.B.'s name at multiple Sam's Club store in San Antonio, Texas, to purchase $2,376.66 in gift cards.

31.     On or about January 26, 2016, defendants **ANDERSON** and **SIMMONS** used a fraudulently obtained credit card (card ending -6864) in victim K.L.'s name at multiple Sam's Club stores in Dallas, Texas, all of which are in the Northern District of Texas, to purchase $2,583.14 in gift cards.

32.     On or about February 6, 2016, defendants **ANDERSON** and **SIMMONS** used a fraudulently obtained credit card (card ending -2659) in victim S.B.'s name at multiple Sam's Club stores in Dallas, Texas, all of which are in the Northern District of Texas, to purchase $4,758.54 in gift cards.

33.     Between on or about April 23, 2016, and between on or about April 28, 2016, defendants **ANDERSON** and **SCRUGGS** used a fraudulently obtained credit card (card ending -9218) in victim I.P.'s name at multiple Sam's Club stores in the Northern District of Texas and elsewhere to purchase $5,093.47 in gift cards and other items.

34.     Between on or about April 28, 2016, and between on or about April 29, 2016, defendants **ANDERSON** and **SCRUGGS** used a fraudulently obtained credit card (card ending -3090) in victim K.P.'s name at Sam's Club stores in the Northern District

of Texas and elsewhere to purchase $3,445.62 in gift cards and other items.

35.     Between on or about June 16, 2016, defendants **ANDERSON** and
**SIMMONS** used a fraudulently obtained credit card (card ending -0163) in victim A.A.'s
name at multiple Sam's Club stores in Dallas, Texas, all of which are in the Northern
District of Texas, to purchase $619.44 in gift cards.

36.     On or about October 9, 2016, defendants **ANDERSON** and **SCRUGGS**
used a fraudulently obtained credit card (card ending -8669) in victim L.Z.'s name at a
Sam's Club stores in the Dallas Division of the Northern District of Texas to purchase
$4,996.39 in high-end electronics.

37.     Between on or about September 9, 2019, and September 10, 2019,
defendants **ANDERSON**, **WILSON**, and **MOSES** used a fraudulently obtained
debit/credit card (card ending -5136) in victim B.E.'s name at multiple stores in Dallas,
Texas, all of which are in the Northern District of Texas, to purchase $189.31 in food.

In violation of 18 U.S.C. § 1349.


[Nothing additional on this page]

Count Two
Bank Fraud
(Violation of 18 U.S.C. § 1344(2))

38.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

39.     On or about January 26, 2016, in the Dallas Division of the Northern

District of Texas, defendants **ANDERSON** and **SIMMONS**, did knowingly execute and

attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets and other

property owned by and under the custody and control of a financial institution, namely,

Synchrony Bank, the accounts of which were then insured by the Federal Deposit

Insurance Corporation, by means of materially false and fraudulent pretenses,

representations, and promises, in that **ANDERSON** and **SIMMONS** went to a Sam's

Club store in Dallas, Texas, which is in the Northern District of Texas, and fraudulently

applied to Synchrony Bank to receive a Sam's Club line of credit.   As a result of the

false and fraudulent pretenses, representations and promises made to Synchrony Bank by

**ANDERSON** and **SIMMONS**, Synchrony Bank issued a line of credit in the amount of

$9,000.00 in the name of victim K.L. — an individual known to the grand jury.

In violation of 18 U.S.C. § 1344(2).

## Count Three
### Bank Fraud
### (Violation of 18 U.S.C. § 1344(2))

40.     The grand jury re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth at this point.

41.     On or about February 6, 2016, in the Dallas Division of the Northern District of Texas, defendants **ANDERSON** and **SIMMONS**, did knowingly execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets and other property owned by and under the custody and control of a financial institution, namely, Synchrony Bank, the accounts of which were then insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises, in that **ANDERSON** and **SIMMONS** went to a Sam's Club store in Dallas, Texas, which is in the Northern District of Texas, and fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit.   As a result of the false and fraudulent pretenses, representations and promises made to Synchrony Bank by **ANDERSON** and **SIMMONS**, Synchrony Bank issued a line of credit in the amount of $5,000.00 in the name of victim S.B. — an individual known to the grand jury.

In violation of 18 U.S.C. § 1344(2).

Count Four
Bank Fraud
(Violation of 18 U.S.C. § 1344(2))

42.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

43.     On or about April 23, 2016, in the Fort Worth Division of the Northern

District of Texas, defendants **ANDERSON** and **SCRUGGS**, did knowingly execute and

attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets and other

property owned by and under the custody and control of a financial institution, namely,

Synchrony Bank, the accounts of which were then insured by the Federal Deposit

Insurance Corporation, by means of materially false and fraudulent pretenses,

representations, and promises, in that **ANDERSON** and **SCRUGGS** went to a Sam's

Club store in Westworth Village, Texas, which is in the Northern District of Texas, and

fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit.   As a

result of the false and fraudulent pretenses, representations and promises made to

Synchrony Bank by **ANDERSON** and **SCRUGGS**, Synchrony Bank issued a line of

credit in the amount of $9,000.00 in the name of victim I.P. — an individual known to

the grand jury.

In violation of 18 U.S.C. § 1344(2).

Indictment--Page 14

Count Five
Bank Fraud
(Violation of 18 U.S.C. § 1344(2))

44.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

45.     On or about June 16, 2016, in the Dallas Division of the Northern District

of Texas, defendants **ANDERSON** and **SIMMONS**, did knowingly execute and attempt

to execute a scheme and artifice to obtain moneys, funds, credits, assets and other

property owned by and under the custody and control of a financial institution, namely,

Synchrony Bank, the accounts of which were then insured by the Federal Deposit

Insurance Corporation, by means of materially false and fraudulent pretenses,

representations, and promises, in that **ANDERSON** and **SIMMONS** went to a Sam's

Club store in Irving, Texas, which is in the Northern District of Texas, and fraudulently

applied to Synchrony Bank to receive a Sam's Club line of credit.   As a result of the

false and fraudulent pretenses, representations and promises made to Synchrony Bank by

**ANDERSON** and **SIMMONS**, Synchrony Bank issued a line of credit in the amount of

$4,500.00 in the name of victim A.A. — an individual known to the grand jury.

In violation of 18 U.S.C. § 1344(2).

Count Six
Bank Fraud
(Violation of 18 U.S.C. § 1344(2))

46.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

47.     On or about October 9, 2016, in the Dallas Division of the Northern District

of Texas, defendants **ANDERSON** and **SCRUGGS**, did knowingly execute and attempt

to execute a scheme and artifice to obtain moneys, funds, credits, assets and other

property owned by and under the custody and control of a financial institution, namely,

Synchrony Bank, the accounts of which were then insured by the Federal Deposit

Insurance Corporation, by means of materially false and fraudulent pretenses,

representations, and promises, in that **ANDERSON** and **SCRUGGS** went to a Sam's

Club store in Dallas, Texas, which is in the Northern District of Texas, and fraudulently

applied to Synchrony Bank to receive a Sam's Club line of credit.   As a result of the

false and fraudulent pretenses, representations and promises made to Synchrony Bank by

**ANDERSON** and **SCRUGGS**, Synchrony Bank issued a line of credit in the amount of

$12,000.00 in the name of victim L.Z. — an individual known to the grand jury.

In violation of 18 U.S.C. § 1344(2).

Count Seven
Bank Fraud
(Violation of 18 U.S.C. § 1344(2))

48.     The grand jury re-alleges and incorporates by reference the allegations
contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth
at this point.

49.     On or about September 5, 2019, in the Dallas Division of the Northern
District of Texas, defendants **ANDERSON**, **WILSON**, and **MOSES** did knowingly
execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits,
assets and other property owned by and under the custody and control of a financial
institution, namely, BBVA Bank, the accounts of which were then insured by the Federal
Deposit Insurance Corporation, by means of materially false and fraudulent pretenses,
representations, and promises, in that **ANDERSON**, **WILSON**, and **MOSES** went to a
BBVA Bank in Richardson, Texas, which is in the Northern District of Texas, and
fraudulently applied to BBVA Bank to receive a consumer loan.   As a result of the false
and fraudulent pretenses, representations and promises made to BBVA Bank by
**ANDERSON**, **WILSON**, and **MOSES**, BBVA Bank issued a consumer loan in the
amount of $25,000.00 in the name of victim B.E. — an individual known to the grand
jury.

        In violation of 18 U.S.C. § 1344(2).

Counts Eight through Sixteen
Wire Fraud
(Violation of 18 U.S.C. § 1343)

50.    The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

51.    Beginning in or about January 2016—the exact date being unknown—and

continuing through on or about September 20, 2019, in the Northern District of Texas and

elsewhere, defendants **ANDERSON**, **WILSON**, **SIMMONS**, **MOSES**, and **SCRUGGS**

devised and intended to devise a scheme and artifice to defraud and for obtaining money

and property by means of material false and fraudulent pretenses, representations, and

promises, in that the defendants used the PII of victims to fraudulently obtain credit cards

or lines of credit from banks and then used the fraudulently obtained credit cards or lines

of credit to obtain money and other goods, and in doing so, for the purpose of executing

the scheme and artifice, the defendants knowingly caused to be transmitted by means of

wire communication in interstate commerce, certain writings, sign, signals, pictures and

sounds, as described below, each such transmission constituting a separate count:

Interstate Wires

| Count | Date | Defendant(s) | Transaction | Amount |
|-------|------|--------------|-------------|--------|
| 8 | On or about January 7, 2016 | **ANDERSON** | **ANDERSON** used a fraudulently obtained Sam's Club credit card in victim C.D.'s name to purchase from Sam's Club two (2) Vanilla Mastercard gift cards. | $412.96 |

| 9 | On or about January 26, 2016 | **ANDERSON SIMMONS** | **ANDERSON** and **SIMMONS** used a fraudulently obtained Sam's Club credit card in victim K.L.'s name to purchase from Sam's Club thirteen (13) Vanilla Mastercard gift cards. | $2,583.14 |
|---|---|---|---|---|
| 10 | On or about February 6, 2016 | **ANDERSON SIMMONS** | **ANDERSON** and **SIMMONS** used a fraudulently obtained Sam's Club credit card in victim S.B.'s name to purchase from Sam's Club thirty-nine (39) Vanilla Mastercard gift cards. | $4,758.54 |
| 11 | On or about April 23, 2016 | **ANDERSON SCRUGGS** | **ANDERSON** and **SCRUGGS** used a fraudulently obtained Sam's Club credit card in victim I.P.'s name to purchase from Sam's Club three (3) Vanilla Mastercard gift cards. | $619.44 |
| 12 | On or about April 29, 2016 | **ANDERSON SCRUGGS** | **ANDERSON** and **SCRUGGS** used a fraudulently obtained Sam's Club credit card in victim K.P.'s name to purchase from Sam's Club four (4) Vanilla Mastercard gift cards. | $825.92 |
| 13 | On or about June 16, 2016 | **ANDERSON SIMMONS** | **ANDERSON** and **SIMMONS** used a fraudulently obtained Sam's Club credit card in victim A.A.'s name to purchase from Sam's Club three (3) Vanilla Mastercard gift cards. | $619.44 |
| 14 | On or about June 18, 2016 | **ANDERSON SIMMONS** | **ANDERSON** and **SIMMONS** used a fraudulently obtained Sam's Club credit card in victim A.A.'s name to purchase from Sam's Club one (1) Vanilla Mastercard gift card. | $159.44 |
| 15 | On or about October 7, 2016 | **ANDERSON SCRUGGS** | **ANDERSON** and **SCRUGGS** used a fraudulently obtained Sam's Club credit card in victim B.V.'s name to purchase from Sam's Club clothing and other items. | $838.67 |
| 16 | On or about October 9, 2016 | **ANDERSON SCRUGGS** | **ANDERSON** and **SCRUGGS** used a fraudulently obtained Sam's Club credit card in victim L.Z.'s name to purchase from Sam's Club high-end electronics. | $4,996.39 |

In violation of 18 U.S.C. § 1343.

Count Seventeen
Using or Trafficking in Unauthorized Access Devices and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1029(a)(2) and 2)

52.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

53.     On or about January 26, 2016, in the Northern District of Texas and

elsewhere, the defendants **ANDERSON** and **SIMMONS**, aided and abetted by each

other and by others known and unknown to the grand jury, did knowingly and with intent

to defraud use one or more access devices during any one-year period, namely a Sam's

Club credit card in the name of victim K.L., and by such conduct obtained anything of

value aggregating $1,000 or more during that one-year period, affecting interstate and

foreign commerce.

In violation of 18 U.S.C. §§ 1029(a)(2) and 2, the penalty for which is found at 18

U.S.C. § 1029(c).

Count Eighteen
Using or Trafficking in Unauthorized Access Devices and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1029(a)(2) and 2)

54.　　The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

55.　　On or about February 6, 2016, in the Northern District of Texas and

elsewhere, the defendants **ANDERSON** and **SIMMONS**, aided and abetted by each

other and by others known and unknown to the grand jury, did knowingly and with intent

to defraud use one or more access devices during any one-year period, namely a Sam's

Club credit card in the name of victim S.B., and by such conduct obtained anything of

value aggregating $1,000 or more during that one-year period, affecting interstate and

foreign commerce.

In violation of 18 U.S.C. §§ 1029(a)(2) and 2, the penalty for which is found at 18

U.S.C. § 1029(c).

Count Nineteen
Using or Trafficking in Unauthorized Access Devices and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1029(a)(2) and 2)

56.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

57.     On or October 9, 2016, in the Northern District of Texas and elsewhere, the

defendants **ANDERSON** and **SCRUGGS**, aided and abetted by each other and by others

known and unknown to the grand jury, did knowingly and with intent to defraud use one

or more access devices during any one-year period, namely a Sam's Club credit card in

the name of victim L.Z., and by such conduct obtained anything of value aggregating

$1,000 or more during that one-year period, affecting interstate and foreign commerce.

In violation of 18 U.S.C. §§ 1029(a)(2) and 2, the penalty for which is found at

18 U.S.C. § 1029(c).

Count Twenty
Aggravated Identity Theft and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1028A(a) and 2)

58.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

59.     On or about January 7, 2016, in the Northern District of Texas and

elsewhere, the defendant **ANDERSON**, aided and abetted by others known and unknown

to the grand jury, did knowingly transfer, possess and use, without lawful authority, a

means of identification of another person, to wit: the name, date of birth, address, phone

number, driver's license number, and social security number of victim C.D., during and

in relation to felony violations alleged in 18 U.S.C. § 1343 (Wire Fraud alleged in Count

Eight) knowing that the means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A(a) and 2.

Count Twenty-One
Aggravated Identity Theft and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1028A(a) and 2)

60.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

61.     On or about January 26, 2016, in the Northern District of Texas and

elsewhere, the defendants **ANDERSON** and **SIMMONS**, aided and abetted by each

other and by others known and unknown to the grand jury, did knowingly transfer,

possess and use, without lawful authority, a means of identification of another person, to

wit: the name, date of birth, address, phone number, driver's license number, and social

security number of victim K.L., during and in relation to felony violations alleged in Title

18 U.S.C. §§ 1349 (Conspiracy to Commit Bank Fraud alleged in Count One), 1344

(Bank Fraud alleged in Count Two), 1343 (Wire Fraud alleged in Count Nine), and 1029

(Access Device Fraud alleged in Count Seventeen), knowing that the means of

identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A(a) and 2.

Count Twenty-Two
Aggravated Identity Theft and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1028A(a) and 2)

62.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

63.     On or about February 6, 2016, in the Northern District of Texas and

elsewhere, the defendants **ANDERSON** and **SIMMONS**, aided and abetted by each

other and by others known and unknown to the grand jury, did knowingly transfer,

possess and use, without lawful authority, a means of identification of another person, to

wit: the name, date of birth, address, phone number, driver's license number, and social

security number of victim S.B., during and in relation to violations of 18 U.S.C. §§ 1349

(Conspiracy to Commit Bank Fraud alleged in Count One), 1344 (Bank Fraud alleged in

Count Three), 1343 (Wire Fraud alleged in Count Ten), and 1029 (Access Device Fraud

alleged in Count Eighteen), knowing that the means of identification belonged to an

actual person.

In violation of 18 U.S.C. §§ 1028A(a) and 2.

Count Twenty-Three
Aggravated Identity Theft and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1028A(a) and 2)

64.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

65.     On or about April 23, 2016, in the Northern District of Texas and

elsewhere, the defendants **ANDERSON** and **SCRUGGS**, aided and abetted by each

other and by others known and unknown to the grand jury, did knowingly transfer,

possess and use, without lawful authority, a means of identification of another person, to

wit: the name, date of birth, address, phone number, driver's license number, and social

security number of victim I.P., during and in relation to violations of 18 U.S.C. §§ 1349

(Conspiracy to Commit Bank Fraud alleged in Count One), 1344 (Bank Fraud alleged in

Count Four), and 1343 (Wire Fraud alleged in Count Eleven), knowing that the means of

identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A(a) and 2.

Count Twenty-Four
Aggravated Identity Theft and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1028A(a) and 2)

66.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

67.     Between on or about April 28, 2016, and April 29, 2016, in the Northern

District of Texas and elsewhere, the defendants **ANDERSON** and **SCRUGGS**, aided and

abetted by each other and by others known and unknown to the grand jury, did knowingly

transfer, possess and use, without lawful authority, a means of identification of another

person, to wit: the name, date of birth, address, phone number, driver's license number,

and social security number of victim K.P., during and in relation to violations of 18

U.S.C. §§ 1349 (Conspiracy to Commit Bank Fraud alleged in Count One), and 1343

(Wire Fraud alleged in Count Twelve), knowing that the means of identification belonged

to an actual person.

In violation of 18 U.S.C. §§ 1028A(a) and 2.

Count Twenty-Five
Aggravated Identity Theft and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1028A(a) and 2)

68.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

69.     Between on or about June 16, 2016, and between on or about June 18,

2016, in the Northern District of Texas and elsewhere, the defendants **ANDERSON** and

**SIMMONS**, aided and abetted by each other and by others known and unknown to the

grand jury, did knowingly transfer, possess and use, without lawful authority, a means of

identification of another person, to wit: the name, date of birth, address, phone number,

driver's license number, and social security number of victim A.A., during and in relation

to violations of 18 U.S.C. §§ 1349 (Conspiracy to Commit Bank Fraud alleged in Count

One), 1344 (Bank Fraud alleged in Count Five), and 1343 (Wire Fraud alleged in Counts

Thirteen and Fourteen), knowing that the means of identification belonged to an actual

person.

In violation of 18 U.S.C. §§ 1028A(a) and 2.

Count Twenty-Six
Aggravated Identity Theft and Aiding and Abetting
(Violations of 18 U.S.C.§§ 1028A(a) and 2)

70.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

71.     On or about October 7, 2016, in the Northern District of Texas and

elsewhere, the defendants **ANDERSON** and **SCRUGGS**, aided and abetted by each

other and by others known and unknown to the grand jury, did knowingly transfer,

possess and use, without lawful authority, a means of identification of another person, to

wit: the name, date of birth, address, phone number, driver's license number, and social

security number of victim B.V., during and in relation to violations of 18 U.S.C. §§ 1349

(Conspiracy to Commit Bank Fraud alleged in Count One), and 1343 (Wire Fraud alleged

in Count Fifteen), knowing that the means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A(a) and 2.

<u>Count Twenty-Seven</u>
Aggravated Identity Theft and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1028A(a) and 2)

72.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

73.     On or about October 9, 2016, in the Northern District of Texas and

elsewhere, the defendants **ANDERSON** and **SCRUGGS**, aided and abetted by each

other and by others known and unknown to the grand jury, did knowingly transfer,

possess and use, without lawful authority, a means of identification of another person, to

wit: the name, date of birth, address, phone number, driver's license number, and social

security number of victim L.Z., during and in relation to violations of 18 U.S.C. §§ 1349

(Conspiracy to Commit Bank Fraud alleged in Count One), 1344 (Bank Fraud alleged in

Count Six), 1029 (Access Device Fraud alleged in Nineteen), and 1343 (Wire Fraud

alleged in Count Sixteen), knowing that the means of identification belonged to an actual

person.

        In violation of 18 U.S.C. §§ 1028A(a) and 2.

Count Twenty-Eight
Aggravated Identity Theft and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1028A(a) and 2)

74.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 37 of Count One of this indictment as if fully set forth

at this point.

75.     Between on or about September 3, 2019, and between on or about

September 10, 2019, in the Northern District of Texas and elsewhere, the defendants

**ANDERSON**, **WILSON**, and **MOSES**, aided and abetted by each other and by others

known and unknown to the grand jury, did knowingly transfer, possess and use, without

lawful authority, a means of identification of another person, to wit: the name, date of

birth, address, phone number, driver's license number, and social security number of

victim B.E., during and in relation to violations of 18 U.S.C. §§ 1349 (Conspiracy to

Commit Bank Fraud alleged in Count One), and 1344 (Bank Fraud alleged in Count

Seven), knowing that the means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A(a) and 2.

## Forfeiture Notice
### (18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c))

Upon conviction for any of the offenses alleged in Counts One through Twenty-Eight of the indictment, the defendants **ANDERSON**, **WILSON**, **SIMMONS**, **MOSES**, and **SCRUGGS**, shall forfeit to the United States any property, real or personal, constituting or derived from proceeds traceable to the respective offenses, whether directly or indirectly, including the total proceeds derived from the offense (commonly referred to as a "money judgment").

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States of America to seek forfeiture of any other property of the defendant up to the value of the above described property subject to forfeiture.

### Substitute Assets

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above-described property subject to forfeiture, as a result of any act or omission of one or more of the previously-mentioned defendants, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third

person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States of America to seek forfeiture of any other property of the previously-mentioned defendants up to the value of the above-described property subject to forfeiture.

A TRUE BILL

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
DAMIEN M. DIGGS
Assistant United States Attorney
D.C. Bar No. 501-552
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.767.4100
Damien.Diggs@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

JOHN ANDERSON (1)
TIMMOTHY WILSON (2)
BRANDI SIMMONS (3)
JORDAN "SKIP" MOSES (4)
TANEI SCRUGGS (5)

INDICTMENT

18 U.S.C. §1349 (18 U.S.C. §§ 1344(2), 1343)
Conspiracy to Commit Bank Fraud and Wire Fraud
(Count 1)

18 U.S.C. § 1344(2)
Bank Fraud
(Counts 2-7)

18 U.S.C. § 1343
Wire Fraud
(Counts 8-16)

18 U.S.C. §§ 1029(a)(2) and 2
Using or Trafficking in Unauthorized Access Devices and Aiding and Abetting
(Counts 17-19)

18 U.S.C. §§ 1028A(a) and 2
Aggravated Identity Theft and Aiding and Abetting
(Counts 20-28)

18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c)
Forfeiture Notice

A true bill rendered

---

DALLAS _____ FOREPERSON

Filed in open court this 2nd day of September, 2020.

---

**Warrant to be Issued for all Defendants**

---

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending