ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2022 MAY -3  PM 4: 07

DEPUTY CLERK __MS__

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:20-CR-403-N |
| JOHN ANDERSON (1) | |

## FACTUAL RESUME

In support of a plea of guilty to the offenses in Counts One, Seven, Eight, and Seventeen of the indictment, John Anderson, the defendant; Hugo Aguilar, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. § 1349, that is, Conspiracy to Commit Bank Fraud (18 U.S.C. § 1344(2)) and Wire Fraud (18 U.S.C. § 1343), the government must prove each of the following elements beyond a reasonable doubt:[1]

> *First.*  That the defendant and at least one other person made an agreement to commit the crime of bank fraud and wire fraud as charged in the indictment;
>
> *Second.* That the defendant knew the unlawful purpose of the agreement; and
>
> *Third.*  That the defendant joined in it willfully, that is, with the intent to

---

[1] *See* Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2019) (Conspiracy to Commit Offense, 18 U.S.C. § 371); *see also United States v. Njoku*, 737 F.3d 55, 68 (5th Cir. 2013) ("Section 371 requires proof of an overt act, which Section 1349 does not."); *United States v. Grant*, 683 F.3d 639, 643 (5th Cir. 2012) (same).

Factual Resume — Page 1 of 13

further its unlawful purpose.

The elements of Bank Fraud—alleged in Count Seven of the indictment—a violation of 18 U.S.C. § 1344(2), are as follows:[2]

 *First.*   That the defendant knowingly executed a scheme or artifice;

 *Second.*   That the scheme or artifice was executed to obtain monies or other property from a financial institution, as alleged in the indictment;

 *Third.*   That the scheme or artifice was executed by means of false or fraudulent pretenses, representations or promises; and

 *Fourth.*   That the false or fraudulent pretenses were material.

The elements of Wire Fraud—alleged in Count Eight of the indictment—a violation of 18 U.S.C. § 1343, are as follows:[3]

 *First.*   That the defendant knowingly devised or intended to devise any scheme to defraud, that is, using the PII of victims to fraudulently obtain credit cards or lines of credit from banks and then using the fraudulently obtained credit cards or lines of credit to obtain money and other goods;

 *Second.*   That the scheme to defraud employed false material representations;

 *Third.*   That the defendant caused to be transmitted by way of wire communications, in interstate commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and

 *Fourth.*   That the defendant acted with specific intent to defraud.

To prove the offense alleged in Count Seventeen of the indictment, charging a violation of 18 U.S.C. § 1029(a)(2), that is, Using or Trafficking in Unauthorized Access Devices, the government must prove each of the following elements beyond a reasonable

---

[2]   Fifth Circuit Pattern Jury Instruction (Crim.) 2.58B (2019).

[3]   Fifth Circuit Pattern Jury Instruction (Crim.) 2.57 (2019).

doubt:[4]

*First.*     That the defendant knowingly trafficked in or used one or more unauthorized access devices;

*Second.*     That by one or more such uses during the one-year period beginning and ending on February 13, 2016, the defendant obtained anything of value aggregating $1,000.00 or more;

*Third.*     That the defendant acted with intent to defraud; and

*Fourth.*     That the defendant's conduct affected interstate and foreign commerce.

## STIPULATED FACTS

### *Count One – Conspiracy to Commit Bank and Wire Fraud*

1. John Anderson, the defendant, admits and agrees that from on or about January 2016 — the exact date being unknown — through on or about September 20, 2019, in the Dallas Division of the Northern District of Texas, Anderson and others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to commit bank fraud and wire fraud, that is:

    a.     To knowingly and willfully execute, and attempt to execute, a scheme and artifice to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody or control of, a financial institution, namely, Synchrony Bank; BBVA-Compass Bank; and Credit Union of Texas, by means of false or fraudulent pretenses, representations and promises, in violation of 18 U.S.C. §

---

[4]     Fifth Circuit Pattern Jury Instruction (Crim.) 2.49A (2019).

1344(2); and

        b.     Having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, to transmit and caused to be transmitted in interstate commerce, wire communications, including writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of 18 U.S.C. § 1343.

    2.     Anderson further admits and agrees that Synchrony Bank was the financial institution that issued credit cards or lines of credit to Sam's Club customers. BBVA-Compass Bank is a financial institution that issued credit cards or lines of credit to its customers. The Credit Union of Texas is a financial institution that issued loans or lines of credit to its customers. As defined in 18 U.S.C. § 20, Synchrony Bank and BBVA-Compass Bank are financial institutions, the deposits of which are insured by the Federal Deposit Insurance Corporation. The Credit Union of Texas is also a financial institution, the accounts of which are insured by the National Credit Union Share Insurance Fund.

    3.     Anderson further admits and agrees that on or about January 2016—the exact date being unknown—through on or about September 20, 2019, Anderson executed a scheme or artifice to (1) fraudulently obtain credit cards from Sam's Club stores, and (2) fraudulently obtain loans or lines of credit from BBVA-Compass Bank and the Credit Union of Texas by causing co-conspirators to use a victim's personal identifying information ("PII") to open or apply for credit cards, lines of credit, or loans at retail stores and financial institutions, which would then be used to make unauthorized

purchases.

4. Anderson admits and agrees that on or about January 2016 — the exact date being unknown — through on or about September 20, 2019, Anderson and other co-conspirators manufactured, or caused to be manufactured, counterfeit identification documents in the names of victims to be used at Sam's Club stores and banks to fraudulently apply for credit cards, lines of credit, or loans, which would then be used to make unauthorized purchases.

5. Anderson admits and agrees that on or about January 2016 — the exact date being unknown — through on or about September 20, 2019, Anderson and other co-conspirators delivered, or caused to be delivered to other co-conspirators (i.e., "runners") electronic files that contained the PII of victims. Anderson and other co-conspirators would also provide, or cause to be provided, to "runners" a cheat sheet that included instructions regarding what a "runner" was to do if questioned at Sam's Club/Walmart stores or banks while establishing fraudulent accounts or fraudulently applying for loans or lines of credit.

6. Anderson admits and agrees that on or about January 2016—the exact date being unknown—through on or about September 20, 2019, the fraud scheme required a "runner" to purchase with the fraudulently-obtained credit card three $1,000 gift cards. One of the $1,000 gift cards would be kept by the "runner" as payment; the second $1,000 gift card would be kept by co-conspirators who worked under Anderson; and the third $1,000 gift card would be delivered to Anderson.

7. Anderson admits and agrees that on or about January 2016—the exact date

being unknown—through on or about September 20, 2019, Anderson and other co-conspirators employed a process called "data mining" to obtain usable PII from victims. This "data mining" process was an algorithm that used publicly available data from public websites in tandem with data obtained from the Dark Web. Anderson and other co-conspirators would ultimately use the data culled from these sources to determine a victim's creditworthiness and create fraudulent identification cards in the victim's name. They then identified retail stores or banks at which a victim's PII would be used to fraudulently apply for credit cards, loans, or lines of credit.

8. Anderson further admits and agrees that it was a part of the conspiracy to defraud that Anderson, Timmothy Wilson, Jordan Moses, and other co-conspirators would create a "file," which essentially operated as a cheat sheet containing a victim's PII (i.e., phone number, date of birth, social security number, address, and other identifiers). Anderson, Timmothy Wilson, Jordan Moses, and other co-conspirators would then use the "files" to create "tools" (i.e., fraudulent identification cards).

9. Anderson further admits and agrees that it was a part of the conspiracy to defraud that Anderson, Timmothy Wilson, Jordan Moses, and other co-conspirators would develop age-appropriate profiles for "runners," who would actually go into stores or banks to apply for credit cards, loans, or lines of credit using the fraudulent identifications cards (or "tools"). As part of the fraud scheme, Anderson, Timmothy Wilson, Jordan Moses, and other co-conspirators would use, or cause to be used, the "files" and "tools" to go into stores or banks to fraudulently apply for credit cards, lines of credit, or loans, which would then be used to purchase gift cards and other items.

10. Anderson admits and agrees that on the applications submitted to Synchrony Bank, BBVA-Compass Bank, and the Credit Union of Texas, Anderson and other co-conspirators falsely represented the victims' PII was their own PII. Anderson further admits and agrees that these false representations and pretenses relating to a victim's PII were material to Synchrony Bank, BBVA-Compass Bank, and the Credit Union of Texas in issuing credit cards, loans, or lines of credit, which were then used by Anderson and his co-conspirators to obtain funds extended by Synchrony Bank, BBVA-Compass Bank, and the Credit Union of Texas via credit cards, loans, or lines of credit.

11. Anderson further admits and agrees that Synchrony Bank, BBVA-Compass Bank, and the Credit Union of Texas relied on false representations made on loan or credit applications by Anderson, Timmothy Wilson, Jordan Moses, and other co-conspirators and issued credit cards, lines of credit, or loans which the defendants then used to purchase items. To date, and as a result of this fraud scheme, Synchrony Bank has sustained combined actual losses exceeding $1,300,000.00 as a result of this fraud scheme. BBVA-Compass Bank has sustained actual losses in the amount of $25,000.00. The Credit Union of Texas has sustained actual losses in the amount of $10,000.00.

12. Anderson further admits and agrees that on or about September 5, 2019, Anderson, Timmothy Wilson, Jordan Moses, and other co-conspirators went to a BBVA-Compass Bank—a financial institution—in Richardson, Texas, and fraudulently applied to BBVA-Compass Bank to receive a consumer loan in the name of victim B.E. In doing so, Anderson, Timmothy Wilson, Jordan Moses, and other co-conspirators did knowingly execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits,

assets and other property owned by and under the custody and control of BBVA-Compass Bank the accounts of which were then insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises. As a result of the false and fraudulent pretenses, representations and promises made to BBVA-Compass Bank by Anderson, Timmothy Wilson, Jordan Moses, and other co-conspirators, BBVA-Compass Bank issued a consumer loan to Timmothy Wilson in the amount of $25,000.00 in the name of victim B.E.

13. Anderson further admits and agrees that on or about September 17, 2019, Anderson, Timmothy Wilson, Jordan Moses, and other co-conspirators went to the Credit Union of Texas—a financial institution—in Plano, Texas, and fraudulently applied to the Credit Union of Texas to receive a loan in the name of victim J.A. In doing so, Anderson, Timmothy Wilson, Jordan Moses, and other co-conspirators did knowingly execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets and other property owned by and under the custody and control of the Credit Union of Texas the accounts of which were then insured by the National Credit Union Share Insurance Fund, by means of materially false and fraudulent pretenses, representations, and promises. As a result of the false and fraudulent pretenses, representations and promises made to the Credit Union of Texas by Anderson, Timmothy Wilson, Jordan Moses, and other co-conspirators, the Credit Union of Texas issued a consumer loan to Timmothy Wilson in the amount of $10,000.00 in the name of victim J.A.

14. Anderson further admits and agrees that after Anderson, Timmothy Wilson,

Jordan Moses, and other co-conspirators fraudulently obtained loans from BBVA-Compass Bank and the Credit of Union of Texas in the amounts of $25,000 and $10,000, respectively, Timmothy Wilson delivered monies from those loans to Anderson, who then paid Timmothy Wilson, Jordan Moses, and other co-conspirators from those monies.

15. Anderson further admits and agrees that from on or about January 2016—the exact date being unknown—through on or about January 26, 2016, in the Dallas Division of the Northern District of Texas, Anderson and Brandi Simmons and others known and unknown to the grand jury, did knowingly conspire, confederate and agree to execute a scheme and artifice to defraud and obtain money and property by means of material false and fraudulent pretenses, representations, and promises, in that the defendants used the PII of victims to fraudulently obtain credit cards or lines of credit from banks and then used the fraudulently obtained credit cards or lines of credit to obtain money and other goods, and in doing so, for the purpose of executing the scheme and artifice, the defendants knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, sign, signals, pictures and sounds.

16. The interstate wires used and caused to be sent by Anderson to execute and further the fraud scheme are as follows:

| Paragraph | Date | Transaction | Amount |
|---|---|---|---|
| 17 | On or about January 7, 2016 | Anderson used a fraudulently obtained Sam's Club credit card in victim C.D.'s name to purchase from Sam's Club two (2) Vanilla Mastercard gift cards. | $412.96 |
| 18 | On or about January 26, 2016 | Anderson and Simmons used a fraudulently obtained Sam's Club credit card in victim K.L.'s name to purchase from Sam's Club thirteen (13) Vanilla Mastercard gift cards. | $2,583.14 |

### Count Seven – Bank Fraud

19. Anderson admits and agrees that on or about September 5, 2019, in the Dallas Division of the Northern District of Texas, Anderson, Timmothy Wilson, Jordan Moses, and other co-conspirators, did knowingly execute and attempt to execute a scheme and artifice to obtain money, funds, credits and assets under the custody and control of Synchrony Bank, the accounts of which were then insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises, when Anderson and Jordan Moses caused Timmothy Wilson to go to a BBVA-Compass Bank in Richardson, Texas, and fraudulently apply to BBVA-Compass Bank to receive a consumer loan in the name of victim B.E. As a result of the false and fraudulent pretenses, representations or promises made to BBVA-Compass Bank by Anderson, Timmothy Wilson, Jordan Moses, and other co-conspirators, BBVA-Compass Bank issued to Timmothy Wilson a consumer loan in the amount of $25,000.00 in the name of victim B.E.

### Count Eight – Wire Fraud

20. Anderson admits and agrees that between on or about January 6, 2016, through on or about January 7, 2016, the fraudulent line of credit—$3,500.00—issued by Synchrony Bank to Anderson in the name of victim C.D. was used to purchase $3,083.79 in Vanilla Mastercard gift cards.

21. Anderson further admits and agrees that on or about January 7, 2016, Anderson used a fraudulently obtained Sam's Club credit card or line of credit in victim C.D.'s name to purchase from a Sam's Club store in Dallas, Texas, two (2) Vanilla Mastercard gift cards totaling $412.96. In so doing, Anderson caused wire communications to be transmitted in interstate commerce in that the credit transactions made by Anderson in the Northern District of Texas caused wire communications to be transmitted in interstate commerce to Sam's Club servers in Arkansas and Synchrony Bank servers located in Arizona.

### Count Seventeen – Using or Trafficking in Unauthorized Access Devices

22. Anderson admits and agrees that on January 26, 2016, in the Northern District of Texas and elsewhere, Anderson and Brandi Simmons, aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly and with intent to defraud use an access device—a Sam's Club credit card or line of credit in the name of victim K.L.—during any one-year period and by such conduct obtained anything of value in excess of $1,000.00, affecting interstate and foreign commerce.

23. Anderson further admits and agrees that between on or about January 26, 2016, through on or about January 29, 2016, in the Northern District of Texas, Anderson

and Brandi Simmons, used a fraudulently obtained Sam's Club credit card or line of credit in the name of victim K.L. to purchase $2,583.14 in Vanilla Mastercard gift cards from Sam's Club stores in the Northern District of Texas.

24. Anderson agrees to pay a total of $88,304.22 in restitution ($53,304.22 to Synchrony Bank; $25,000.00 to BBVA-Compass Bank; and $10,000.00 to the Credit Union of Texas).[5]

25. Anderson agrees that he committed all the essential elements of the offense charged in Counts One, Seven, Eight, and Seventeen of the indictment. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support Anderson's guilty plea to Counts One, Seven, Eight, and Seventeen of the indictment.

[Nothing further on this page]

---

[5] This restitution amount is likely to increase after U.S. Probation applies the loss amounts attributable to the co-defendants and other co-conspirators in this case and with whom the defendant will share joint and several liability.

AGREED TO AND STIPULATED on this 2nd day of May, 2022.

CHAD E. MEACHAM
UNITED STATES ATTORNEY

/s/ DAMIEN M. DIGGS
DAMIEN M. DIGGS
Assistant United States Attorney
D.C. Bar No. 501-552
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Tel: 214-659-8629
e-mail: damien.diggs@usdoj.gov

John Anderson
Defendant

4-27-22
Date

Hugo Aguilar
Attorney for the Defendant

4-27-22
Date